UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 13-736-GW (KKx) | Date: | December 1, 2017 |
| Title: | *Javier Banuelos v. City of San Bernardino, et al.* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Granting Defendant's Motion to Compel and Request for Reasonable Expenses [Dkt. 116] and Vacating December 7, 2017 Hearing

On November 7, 2017, Defendant County of San Bernardino ("Defendant") filed a Motion to Compel Plaintiff Javier Banuelos ("Plaintiff") to provide (1) further responses to Interrogatories, Requests for Admissions, and Requests for Production; and (2) Production of Documents ("Motion to Compel"). ECF Docket No. ("Dkt.") 116. Defendant also seeks reasonable expenses incurred in preparing the Motion to Compel. Id. For the reasons set forth below, the Court GRANTS Defendant's Motion to Compel and GRANTS Defendant's request for reasonable expenses. The hearing on the Motion to Compel currently set for December 7, 2017 is VACATED.

I.
**BACKGROUND**

On September 2, 2016, Plaintiff filed a Third Amended Complaint ("TAC") against the City of San Bernardino, the County of San Bernardino, and Chief of Police Keith Kilmer, Officer S. Aguilar, Officer G. Prinzo, and Officer S. Bonshire (collectively, "Defendants") in their individual capacity for 42 U.S.C. Section 1983 ("Section 1983") and American Disabilities Act claims. Dkt. 64.

On September 29, 2016, Defendants filed a Motion to Dismiss the TAC. Dkt. 67. On December 1, 2016, the Court denied Defendants' Motion to Dismiss, but struck Plaintiff's

allegations that Defendant's acts were pursuant to a policy, custom, or procedure.  Dkt. 76.  On December 21, 2016, Defendant filed an Answer to the remaining claims in the TAC.  Dkt. 77.

On January 1, 2017, Gilbert Banuelos was appointed as Guardian ad Litem for Plaintiff.  Dkt. 81.

On June 6, 2017, defendant City of San Bernardino and the individual police officers were dismissed from this action pursuant to the parties' settlement of the Section 1983 claims.  Dkt. 96.

On July 27, 2017, Defendant served (a) Interrogatories, (b) Requests for Admission, and (c) Requests for Production of Documents on Plaintiff.  Dkt. 116-1, Declaration of Janine L. Highiet-Ivicevic ("Highiet-Ivicevic Decl."), ¶ 3.  On August 30, 2017, in response to the Interrogatories and Requests for Admission, Plaintiff's counsel served boilerplate responses stating Plaintiff "has an IQ of 57" and the Guardian ad Litem "has insufficient information" "to respond" or "to admit or deny and on that basis denies."  Id. ¶ 4; Dkt. 116, Exs. 5-6.  In response to the Requests for Production of Documents, Plaintiff did not produce documents and provided boilerplate responses that "Plaintiff has provided the records of CONREP and also Dr. Weinstein's records" and a "protective order is needed for any other medical or mental health records including CONREP."  Dkt. 116, Ex. 7.

On September 7, 2017, Defendant's counsel mailed and emailed a meet and confer letter regarding Plaintiff's deficient discovery responses.  Highiet-Ivicevic Decl. ¶ 5; Dkt. 116, Ex. 8.  Defendant's counsel included a proposed stipulated protective order in her correspondence.  Highiet-Ivicevic Decl. ¶ 5; Dkt. 116, Ex. 8.

On September 7, 2017, Plaintiff's counsel's paralegal emailed Defendant's counsel that Plaintiff's counsel was out of the country until September 25, 2017.  Dkt. 116, Ex. 9.  On that same day, Defendant's counsel requested Plaintiff's counsel's paralegal have "an associate or co-counsel" from the office "review the meet and confer" and proposed protective order.  Id.  On that same day, Plaintiff's counsel's paralegal emailed Defendant's counsel stating Plaintiff's counsel is a "Solo Practitioner and there is no one else that can review, confirm, authorize or do anything on this case."  Id.  On September 14, 2017, Plaintiff's counsel sent a letter via email to Defendant's counsel informing Defendant's counsel he "believe[d] a separate protective order will be needed for the records of Dr. Weinstein not the one provided" and that he would not be able to handle "other matters" until he returned to the country on September 25, 2017.  Dkt. 116, Ex. 10.

On September 19, 2017, Defendant's counsel emailed a second meet and confer request.  Highiet-Ivicevic Decl. ¶ 6.  Plaintiff's counsel did not respond.  Id.  On October 6, 2017, Defendant's counsel emailed a third meet and confer request.  Id. ¶ 7.  Plaintiff's counsel did not respond.

On October 10, 2017, Plaintiff lodged a proposed Protective Order as to Dr. Weinstein's report. Dkt. 109-1. On October 12, 2017, the Court ordered Plaintiff to provide to Defendant a copy of Dr. Weinstein's report "not to be disclosed except to staff and experts as needed only in this litigation." Dkt. 111.

On October 16, 2017, Defendant's counsel attempted a fourth meet and confer "on the remaining issues identified in the instant Motion to Compel." Highiet-Ivicevic Decl. ¶ 8. Plaintiff's counsel did not respond. Id. On October 24, 2017, Defendant's counsel attempted a fifth meet and confer by leaving a voicemail for Plaintiff's counsel. Id. Plaintiff's counsel did not respond. Id.

On October 25, 2017, Defendant's counsel sent Defendant's portion of the Joint Stipulation on the instant Motion to Plaintiff's counsel and requested Plaintiff's portion be returned within seven days (i.e. November 1, 2017). Highiet-Ivicevic Decl. ¶ 9; Dkt. 116, Ex. 15. On October 26, 2017, Plaintiff's counsel indicated he was in trial and unable to respond. Highiet-Ivicevic Decl. ¶ 10. On that same day, Defendant's counsel informed Plaintiff's counsel of her intention to file the instant Motion to Compel on November 7, 2017 if she did not hear from Defendant's counsel. Dkt. 116, Ex. 16.

Plaintiff's counsel did not provide his portion of the Joint Stipulation. Highiet-Ivicevic Decl. ¶ 11. Hence, on November 7, 2017, Defendant filed the instant Motion to Compel. Dkt. 116.

On November 7, 2017, Plaintiff filed an Ex-parte Motion to Stay Discovery. Dkt. 119. On November 9, 2017, the Court denied Plaintiff's Ex-parte Motion to Stay Discovery, noting, "Plaintiff has not been entirely cooperative in regards to setting discovery." Dkt. 122.

On November 15, 2017, Plaintiff's counsel filed an Opposition to the Motion to Compel. Dkt. 123. On November 22, 2017, Defendant filed a Reply. Dkt. 126. The matter thus stands submitted.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). "[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (faulting defendant for making "boilerplate objections to almost every single request for production").

## III.
## DISCUSSION

**A.    INTERROGATORIES**

    **1.    Applicable Law**

Federal Rule of Civil Procedure 33 governs interrogatories to parties. See Fed. R. Civ. P. 33. "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Finally, responses to interrogatories must be verified. Fed. R. Civ. P. 33(b)(5) ("The person who makes the answers must sign them, and the attorney who objects must sign any objections.").

    **2.    Analysis**

Defendant seeks to compel further responses to Interrogatory Nos. 1 through 20, which ask Plaintiff to identify facts regarding Defendant's alleged violation of the ADA, such as dates, individuals involved, Plaintiff's specific disabilities, and Defendant's alleged failure to accommodate the disabilities. Dkt. 116, Exs. 2, 5.

In responding to Interrogatory Nos. 1 through 20, Plaintiff did not object and responded as follows: "Plaintiff Javier Banuelos has suffered brain damage and has an IQ of 57 (see Mental Health Report previously provided[)]. Gilberto Banuelos, the GAL, responds that he does not have sufficient information to respond to this interrogatory." Dkt. 116, Mot. at 5; Dkt. 116-7, Ex. 5, at 4-12.

Plaintiff's nonspecific boilerplate responses to opposing party's interrogatories are "inadequate under Federal Rules of Civil Procedure 33 and 34." Solomon v. Jacobson, No. EDCV 15-1453-VAP (JPRx), 2016 WL 6039184, at *2 (C.D. Cal. Apr. 1, 2016) (finding defendant's "nonspecific boilerplate" responses to plaintiff's interrogatories and requests for production "inadequate under Federal Rules of Civil Procedure 33 and 34"). In addition, Plaintiff's Opposition to the Motion to Compel makes no specific argument regarding the Interrogatories. See Dkt. 123. Pursuant to Local Rule 7-12, Plaintiff's failure to oppose is deemed consent to granting the motion. L.R. 7-12. Accordingly, the Court grants Defendant's Motion to Compel further responses to Interrogatory Nos. 1 through 20.

**B. REQUESTS FOR ADMISSIONS**

    **1. Applicable Law**

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). If a matter is not admitted, a denial must "state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Id.

    **2. Analysis**

Defendant seeks to compel further responses to Request for Admission Nos. 1 through 23, which seek information regarding Plaintiff's use of his cane at CONREP sessions, Defendant's accommodation of Plaintiff's disabilities, Plaintiff's attendance at all required group therapy sessions, Plaintiff's refusal to take CONREP-ordered psychiatric medications on the primary treating neurologist's recommendation, and Plaintiff's injuries and placement at Patton State Hospital and at a Board and Care facility. Dkt. 116, Ex. 6.

In responding to Request for Admission Nos. 1 through 23, Plaintiff did not object and responded as follows: "Plaintiff Javier Banuelos has suffered brain damage and has an IQ of 57 (see Mental Health Report previously provided[)]. Gilberto Banuelos, the GAL, responds to

these requests that he has insufficient information to admit or deny and on that basis denies." Dkt. 116, Mot. at 5; Dkt. 116-8, Ex. 6, at 4-13. In Plaintiff's Opposition to the Motion to Compel, Plaintiff's sole opposition to the Requests for Admissions consists of one line without any support: "Nor can the Guardian Ad Litem make admissions." Dkt. 123, at 5. Plaintiff has not cited any authority to support a conclusion that a Guardian ad Litem cannot make admissions. Rather, an "attorney should advise the guardian ad litem to admit the undisputed facts and documents; when so advised, the guardian ad litem has authority to do so." Metro. Life Ins. Co. v. Carr, 169 F. Supp. 377, 378 (D. Md. 1959).

Accordingly, the Court grants Defendant's Motion to Compel further responses to the Requests for Admissions.

**C.     REQUESTS FOR PRODUCTION**

   **1.     Applicable Law**

Federal Rule of Civil Procedure 34 governs requests for production of documents. See Fed. R. Civ. P. 34. "The party to whom the [Request for Production] is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). Responses to requests for production "must be complete, explicit and responsive. If a party cannot furnish details, he should say so under oath, say why and set forth the efforts he used to obtain the information. He cannot plead ignorance to information that is from sources within his control." Hash v. Cate, No. C 08-03729 MMC (DMR), 2012 WL 6043966, at *2 (N.D. Cal. Dec. 5, 2012). The requesting party "is entitled to individualized, complete responses to each of the requests . . . , accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

   **2.     Analysis**

Defendant seeks to compel further responses to Request for Production Nos. 1 through 18, which seek medical and mental health documents, witness statements, written demands for compensation of civil rights violations and/or personal injury claims from the past ten years, photographs of Plaintiff from January 2010 to December 2013, and any documents pertaining to using a cane, participating in group therapy sessions, complying with the CONREP program, and Defendant's ADA violations. Dkt. 116, Ex. 4.

In responding to Request for Production Nos. 1 through 18, Plaintiff did not object to any Request for Production and responded as follows: "Plaintiff has provided the records of

CONREP and also Dr. Weinstein's records.[1]  A protective order[2] is needed for any other medical or mental health records including CONREP." Dkt. 116, Mot. at 5; Dkt. 116-9, Ex. 7, at 3-10. Nonspecific boilerplate responses to requests for production are inadequate under Federal Rule of Civil Procedure 34. Solomon, 2016 WL 6039184, at *2.  To the extent Plaintiff's mention of a protective order is an attempt to assert a privilege, the Ninth Circuit has held "blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege." Burlington N. & Santa Fe Ry. Co. v. U.S. District Court of Mont., 408 F.3d 1142, 1149 (9th Cir. 2005); see also Amatrone v. Champion, No. 15-CV-01356-JST, 2017 WL 1064976, at *2 (N.D. Cal. Mar. 21, 2017) (finding "boilerplate responses" were "insufficient responses" to defendant's requests for documents).  Defendant "is entitled to individualized, complete responses to each of the requests . . . , accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." Louen, 236 F.R.D. at 505.

Furthermore, Plaintiff's boilerplate response that he had already provided records of CONREP and Dr. Weinstein do not appear to be responsive to Defendant's Requests for Productions because Defendant does not only seek medical or mental health records, CONREP records, or Dr. Weinstein's records.  Rather, Defendant also seeks to compel documents such as witness statements, Plaintiff's written demands for compensation of civil rights violations and/or personal injury claims from the past ten years, and Plaintiff's photographs. See Dkt. 116, Ex. 4.

In addition, Plaintiff's responses do not satisfy Plaintiff's duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production. See Choudhuri v. Wells Fargo Bank, N.A., No. 15-CV-03608-VC (KAW), 2017 WL 1738034, at *2 (N.D. Cal. May 4, 2017) ("[W]hether documents are already in Defendant's possession is not the basis of a proper objection.").  To the extent Plaintiff does not have any additional responsive

---

[1] Plaintiff's response that he already "provided the records of CONREP and also Dr. Weinstein's records" appears to be inaccurate. Dkt. 116-9, Exs. 7, 8 ("As to your indication that you have previously provided records from CONREP and Dr. Weinstein, I will acknowledge receipt of at least some records from CONREP but I have not received **any** records from Dr. Weinstein.  Please produce the records you indicate you have.").  However, Plaintiff did provide Dr. Weinstein's report shortly after the Court's October 12, 2017 for Plaintiff to produce a copy of Dr. Weinstein's report to Defendant. Dkt. 111, Order; Dkt. 116, Exs. 11-13.

[2] In response to Plaintiff's statement of needing a protective order, Defendant's counsel prepared and submitted a proposed stipulated Protective Order to Plaintiff's counsel, which Plaintiff refused to sign or identify deficiencies in it.  Dkt. 126.  Rather, Plaintiff's counsel submitted a different proposed protective order only concerning Dr. Weinstein's report. See Dkt. 109-1.
On November 28, 2017, Plaintiff's counsel lodged an Application for Protective Order for Medical records, depositions, and discovery ("Application"). Dkt. 132.  On November 29, 2017, the Court ordered the Application to be stricken for failure to meet and confer prior to filing motion and failure to comply with Local Rules 37-1 and 37-2, including a joint stipulation requirement. Dkt. 133.

documents in his possession, custody, or control, he must state under oath that he has conducted a diligent search and reasonable inquiry, including the steps undertaken in such search. See Garcia v. Bana, No. C 11-02047 LB, 2012 WL 2119157, at *10 (N.D. Cal. June 9, 2012) (finding discovery responses insufficient where responding party that stated it had no documents in its possession, custody or control, failed to also state that a diligent search and reasonable inquiry have been made in an effort to locate the documents requested).

Finally, Plaintiff's Opposition does not address the Requests for Production. Therefore, pursuant to Local Rule 7-12, Plaintiff's failure to oppose is deemed consent to granting the Motion to Compel Requests for Production and Actual Production of Documents. L.R. 7-12.

Accordingly, the Court grants Defendant's Motion to compel further responses to the Requests for Production.

## D. DEFENDANT'S REQUEST FOR REASONABLE EXPENSES IS GRANTED

### 1. Applicable Law

Under Federal Rule of Civil Procedure 37(a)(5)(A), if a motion to compel is granted, the Court "must" require the party whose conduct necessitated the motion, or the attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, unless the motion was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). In addition, the Local Rules provide strict procedures with which counsel must comply in bringing or opposing a discovery motion, including requiring a pre-filing conference of counsel and joint stipulation, and specifically provide that "[t]he failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions." L.R. 37-4.

### 2. Analysis

Here, Defendant's Motion to Compel is granted in its entirety, and Plaintiff's failure to adequately respond was not substantially justified. Furthermore, Plaintiff's counsel failed to meet and confer and participate in the preparation of a joint stipulation. Thus, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and Local Rule 37-4, Defendant's request for an award of reasonable expenses incurred in connection with compelling Plaintiff to comply with his discovery obligations is GRANTED.

#### a. Reasonableness of Hours Spent

A court may award attorney's fees only for the number of hours it concludes were reasonably expended litigating the case. At the outset, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in litigation and must submit evidence in support of those hours worked." Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992). "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the

district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in submitted affidavits." Common Cause v. Jones, 235 F. Supp. 2d 1076, 1079 (C.D. Cal. 2002) (first quoting Deukmejian, 987 F.2d at 1397; and then quoting Toussaint v. McCarthy, 826 F.2d 901, 904 (9th Cir. 1987)).

Defendant's counsel spent over five hours[3] attempting to meet and confer on the issues in the instant Motion and over seven hours preparing the instant Motion to Compel and Declaration. Highiet-Ivicevic Decl. ¶ 13. In total, Defendant's counsel spent approximately twelve hours in connection with the Motion to Compel. See id.

The Court notes that the number of hours spent attempting to meet and confer and preparing the Motion to Compel is on the higher end of what the Court would expect to see. However, in this case, Defendant sought responses to multiple sets of interrogatories, requests for production, and requests for admission and prepared numerous meet and confer letters. In addition, Plaintiff's counsel did not challenge the accuracy or reasonableness of the hours charged or any facts asserted by Defendant's counsel. Common Cause, 235 F. Supp. 2d at 1079. Furthermore, Plaintiff's counsel unnecessarily drew out the discovery process by failing to respond or timely communicate with Defendant's counsel and failing to oppose the majority of the Motion to Compel. See Highiet-Ivicevic Decl. at 2-5 (setting out facts of meet and confer efforts); see also Dkt. 123 (opposing depositions and admissions). Therefore, the Court finds the hours spent attempting to meet and confer and preparing the Motion to Compel are reasonable for attorneys of similar experience.

### b. Reasonableness of Counsel's Rates

To assist the Court in calculating the lodestar, the fee applicant must submit "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895-96 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). The relevant community is that in which the district court sits. See Schwarz v. Sec'y of Health & Human Serv., 73 F.3d 895, 906 (9th Cir. 1995).

Defendant's counsel seeks hourly rates of $195.00. Highiet-Ivicevic Decl. ¶ 13 ("My office bills at $195 per hour for all work on this matter."). The Court concludes that these rates are reasonable. A review of recent case law concerning reasonable fee awards in the Central District of California reveals that the hourly rates charged by Defendant's counsel do not exceed the prevalent market rates in this district. See, e.g., Ecojet, Inc. v. Luraco, Inc., No. SACV 16-00487-AG (KESx), 2016 WL 9000043, at *9 (C.D. Cal. Oct. 12, 2016) (finding hourly rate of $415.00 reasonable); Gonzalez v. S. Wine & Spirits of Am. Inc., No. 2:11-CV-05849-ODW, 2014 WL 1630674, at *3 (C.D. Cal. Apr. 24, 2014) (finding a range of $300.00 to $650.00 hourly rates

---

[3] Defendant's counsel also stated she spent over five hours attempting to get initial documents and executions from Plaintiff but did not include those hours in her calculation. Highiet-Ivicevic Decl. ¶ 13.

reasonable); Paige v. Consumer Programs, Inc., 248 F.R.D. 272, 277 (C.D. Cal. 2008) (finding hourly rate of $490 reasonable); Tacori Enterprises v. Beverlly Jewellery Co., 253 F.R.D. 577, 585 (C.D. Cal. 2008) (finding hourly rates of $555.00 and $265.00 reasonable).

Hence, the Court finds the hourly rate of $195.00 is reasonable for attorneys of reasonably comparable skill, experience, and reputation in the Central District of California. Accordingly, the Court grants Defendant's request for reasonable expenses incurred in making the Motion to Compel for twelve hours at the hourly rate of $195.00 for the sum of $2,340.00.[4]

## IV.
## CONCLUSION

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that:

(1) Defendant's Motion to Compel is **GRANTED**. *Within ten (10) days of the date of this Order*, Plaintiff shall provide the following to Defendant:

    (a) Verified supplemental responses to Interrogatory Nos. 1 through 20;

    (b) Verified supplemental responses to Request for Admission Nos. 1 through 23; and

    (c) Supplemental responses to Request for Production Nos. 1 through 18 as well as any responsive documents; and

(2) Defendant's request for payment of reasonable expenses incurred in making the Motion to Compel is GRANTED. *Within thirty (30) days of the date of this Order*, Plaintiff and his counsel, Richard P. Herman, jointly and severally, shall pay to Defendant the sum of $2,340.00 as reasonable attorney's fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(A).

---

[4] Because the Court is vacating the December 7, 2017 Hearing on the Motion to Compel, the requested fees were reduced by $780.00, which represents the four hours Defendant's counsel estimated would be spent "preparing for, traveling to, and attending the hearing on the Motion to Compel." See Highiet-Ivicevic Decl. ¶ 13.