UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 13-736-GW (KKx)** | Date: | December 27, 2017 |
| Title: | *Javier Banuelos v. City of San Bernardino, et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order Denying Plaintiff's Proposed Protective Order [Dkt. 183]**

On December 22, 2017, Gilbert Banuelos, Guardian Ad Litem for Plaintiff Javier Banuelos ("Plaintiff") filed a "Notice of Lodging Protective Order" with a "Proposed Protective Order." ECF Docket No. ("Dkt.") 183. Because there is no indication Defendants have stipulated to the protective order, the Court construes Plaintiff's Notice of Lodging as an Ex Parte Application for a protective order. For the reasons set forth below, the Court DENIES Plaintiff's Ex Parte Application for protective order without prejudice.[1]

As an initial matter, Plaintiff fails to make any attempt to justify his use of ex parte procedures. Unlike regularly noticed motions, applications for ex parte relief are "inherently unfair" and "pose a threat to the administration of justice" because "the parties' opportunities to prepare are grossly unbalanced." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995). The opposing party "can rarely make its best presentation" on the short notice accompanying an ex parte application. Id. at 491. Hence, to justify use of ex parte

---

[1] On November 28, 2017, Plaintiff filed a similar Application for Protective Order without a stipulation. Dkt. 132. On November 29, 2017, the Court struck Plaintiff's Application for failure to meet and confer prior to filing a motion and failure to comply with Local Rules 37-1 and 37-2, including the joint stipulation requirement. Dkt. 133. Plaintiff's counsel is cautioned that continued failure to comply with Local Rules will result in sanctions. See L. R. 37-4.

procedures, a party seeking ex parte relief must show: (1) "the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id. at 492. Moreover, Plaintiff fails to include (a) a memorandum pursuant to Local Rule 7-19 "containing, if known, the name, address, telephone number and e-mail address of counsel for the opposing party, the reasons for the seeking of an ex parte order, and points and authorities in support thereof"; and (b) a Notice of Application pursuant to Local Rule 7-19.1 "advis[ing] the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application." L.R. 7-19.

To the extent Plaintiff was attempting to file a regularly noticed motion, the filing suffers numerous deficiencies, including (a) hearing information is missing; and (b) failure to comply with Local Rules 37-1 and 37-2, including the meet and confer and joint stipulation requirements.

Finally, even if Plaintiff had complied with the filing requirements listed above, the Court would decline to issue the proposed protective order lodged by Plaintiff for the following reasons:

1. While the Court is willing to enter a protective order in order to facilitate the conduct of discovery, the Court is unwilling to include in the protective order any provisions relating to evidence presented at trial or other court hearings or proceedings. **Any use of Protected Material at trial or other court hearings or proceedings shall be governed by the orders of the trial judge.** A proposed protective order should, thus, include language to make this explicit.

2. The proposed protective order must make clear that the terms of the protective order do not apply to the Court and court personnel, who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.

3. The proposed protective order must make clear that any motion challenging a party's designation of material as Confidential Information or seeking to modify or amend the proposed protective order must be brought in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

4. The proposed protective order must make clear a Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

  5. The proposed protective order shall unequivocally state that nothing in the protective order shall be construed as authorizing a party to disobey a lawful subpoena or court order issued in another action.

  6. The signature block for the judge in the proposed order should be the signature block for the Magistrate Judge.

  **Plaintiff is directed to the Court's sample stipulated protective order located on the Court's website for a sample of the format of an approved stipulated protective order. If Plaintiff chooses to pursue a protective order in this action, Plaintiff strongly encouraged to use the language contained in the approved stipulated protective order.**

  Hence, the Court DENIES Plaintiff's Ex Parte Application and declines to issue the proposed protective order without prejudice.

  **IT IS SO ORDERED.**