# ATTACHMENT 19a(3)
# TO PETITION

# JAVIER BANUELOS

# SPECIAL NEEDS TRUST

## ESTABLISHED AUGUST 25, 2017

**Court Established**

**United States District Court, Central District of California,
Eastern Division
Order entered August 25, 2017**

**Prepared by**

LAW OFFICE OF SUSAN A. KATZEN

5000 BIRCH STREET, SUITE 9600
NEWPORT BEACH, CALIFORNIA 92660

Telephone (714) 374-2244
Fax (949) 732-3524
susan@skatzenlaw.com
www.skatzenlaw.com

# TABLE OF CONTENTS

**ARTICLE ONE Creation of Trust**................................................................**- 5 -**

    Section 1: Establishment of Trust ................................................................- 5 -

        A.   Establishment of Trust ................................................................- 5 -

        B.   Conformity With Applicable Law ................................................- 5 -

    Section 2: Trust Establishment, Trust Property, Initial Trustee....................- 5 -

        A.   Trust Property ..............................................................................- 5 -

        B.   Trust Establishment ....................................................................- 6 -

        C.   Initial Trustee .............................................................................- 6 -

    Section 3: Beneficiary of the Trust ..............................................................- 6 -

        A.   Beneficiary ..................................................................................- 6 -

        B.   The Beneficiary Is Disabled........................................................- 6 -

    Section 4: Name of Trust .............................................................................- 6 -

        A.   Trust Name ..................................................................................- 6 -

    Section 5: Irrevocability of Trust .................................................................- 7 -


**ARTICLE TWO Funding & Purpose of the Trust** .............................**- 8 -**

    Section 1: Initial Funding.............................................................................- 8 -

    Section 2:  No Trust Augmentation After Beneficiary's 65th Birthday ...............- 8 -

    Section 3:  No Commingling ........................................................................- 8 -

    Section 4: Trust Purpose ..............................................................................- 8 -

    Section 5: Additional Funding .....................................................................- 9 -


**ARTICLE THREE Distribution for Special Needs**............................**- 10 -**

    Section 1: Distribution Standard ..................................................................- 10 -

    Section 2:  Distribution Guidelines..............................................................- 11 -

    Section 3: Definition of "Special Needs" ....................................................- 11 -

**ARTICLE FOUR Trust Meets Legal Requirements**..............................................**- 13 -**

    Section 1:  Medi-Cal ........................................................................................ - 13 -

        A.  Intent For Exemption Of Trust Property Being Counted As "Available" ................ - 13 -

        B.  Intent For Exemption from Transfer Disqualification ............................... - 14 -

    Section 2:  Supplemental Security Income ......................................................... - 14 -

        A.  Intent For Exemption From Trust Property Being Counted As A Resource ............ - 14 -

        B.  Intent For Exemption from Transfer Disqualification ............................... - 15 -

        C.  Resources Otherwise Unavailable ...................................................... - 16 -

    Section 3: Trust Meets Cal. Rules of Court 7.903 Requirements ......................... - 16 -

**ARTICLE FIVE Trustee Provisions** .................................................................**- 18 -**

    Section 1:  Initial Trustee ................................................................................ - 18 -

    Section 2:  Successor Trustee ........................................................................... - 18 -

    Section 3:  Successor Trustee Powers And Liabilities........................................... - 18 -

    Section 4:  Prohibited Trustee .......................................................................... - 18 -

    Section 5:  Resignation of Trustee .................................................................... - 18 -

    Section 6:  Removal of Trustee ......................................................................... - 19 -

    Section 7:  Replacement of Trustee ................................................................... - 19 -

    Section 8:  Trustee Compensation .................................................................... - 19 -

    Section 9:  Notice Requirements....................................................................... - 19 -

**ARTICLE SIX Administration Upon Death of Beneficiary** .................................**- 20 -**

    Section 1:  Termination ................................................................................... - 20 -

    Section 2:  Notice and Payback Provisions......................................................... - 20 -

        A.  Notices ....................................................................................... - 20 -

        B.  Distributions and Payments ........................................................... - 20 -

    Section 3:  Remainder Beneficiaries and Remainder of Trust Estate ................... - 22 -

        A.  Testamentary Special Power of Appointment ..................................... - 22 -

        B.  Distribution By Court Order ............................................................ - 23 -

**ARTICLE SEVEN Trustee Powers** ...................................................................**- 24 -**

    Section 1:  Trustee Powers............................................................................... - 24 -

Section 2:  Reliance by Third Parties..................................................................- 24 -

Section 3:  Cooperation in Obtaining and Maintaining Public Benefits.............- 24 -

Section 4:  Investment Authority .......................................................................- 24 -

Section 5:  Authority to Amend Trust.................................................................- 24 -

Section 6:  Limitation on Trustee Authority .......................................................- 25 -


**ARTICLE EIGHT General Matters ...............................................................- 26 -**

Section 1:  Bond.................................................................................................- 26 -

Section 2:  Spendthrift .......................................................................................- 26 -

Section 3: Accounting to Court...........................................................................- 26 -

Section 4:  Responsibility to Disclose Information to Beneficiary......................- 26 -

Section 5:  Compensation of Trustee And Attorney ...........................................- 27 -

Section 6:  Choice of Law ..................................................................................- 27 -

Section 7:  Severability ......................................................................................- 27 -

Section 8:  Gender and Number ..........................................................................- 27 -

Section 9:  Perpetuities Savings Clause ..............................................................- 27 -

Section 10:  Duplicate Originals .........................................................................- 27 -


**SCHEDULE A  Funding ...............................................................................- 30 -**

# JAVIER BANUELOS
# SPECIAL NEEDS TRUST

## ARTICLE ONE
## CREATION OF TRUST

### SECTION 1: ESTABLISHMENT OF TRUST

#### A.      ESTABLISHMENT OF TRUST

This trust is established as a special needs trust by a court for the sole benefit of Javier Banuelos, an individual with disabilities, born April 28, 1989, and residing in Los Angeles, California.

#### B.      CONFORMITY WITH APPLICABLE LAW

The trust agreement is established in accordance with the Omnibus Budget Reconciliation Act of 1993 (OBRA 1993), codified under 42 United States Code §1396p(d)(4)(A) (§1917(d)(4)(A) of the Social Security Act).  The trust created by this agreement is intended to meet, and shall be interpreted to meet, the requirements for an exempt disability trust as described in 42 USC §1396p(d)(4)(A).  Accordingly, it is meant to comply with the interpretations of that statute found in the Social Security Programs Operations Manual System (POMS) SI 01120.199-01120.203 and found in California regulatory law at 22 California Code of Regulations §50489.9.  These laws provide that an irrevocable trust meeting certain requirements may be established for the sole benefit of an individual with a disability and the assets directed to the trust should not be deemed to have been owned by, or to be available to, the beneficiary for the purpose of public benefit eligibility.  If applicable, the trust created by this agreement shall also be interpreted to comply with Probate Code §§3600-3613, §2580(b)(5), or both.

### SECTION 2: TRUST PROPERTY TRUST ESTABLISHMENT, INITIAL
###                TRUSTEE

#### A.      TRUST PROPERTY

This trust agreement is established for the specific purpose of receipt, management, and disbursement of settlement proceeds awarded for the benefit of Javier Banuelos.  The initial funding of this trust is the proceeds of the settlement applicable to the case entitled <u>Javier Banuelos, individually, Plaintiff, vs City of San Bernardino; a Governmental Entity; County of San Bernardino, a</u>

<u>Governmental Entity; and Does 1-10, Defendants</u>, filed on April 22, 2013, in the United States District Court, Central District of California, Eastern Division, Case Number EDCV13-736 GW (DTBx).

B.      TRUST ESTABLISHMENT

The United States District Court, Central District of California, Eastern Division, in its Order dated August 25, 2017, ordered the establishment of this Specials Needs trust for the sole benefit of Javier Banuelos, an adult with disabilities, born April 28, 1989, and residing in the city of Los Angeles, California.  The Court directed that in place of direct delivery of the settlement assets to Javier Banuelos, the assets were instead to be delivered to Gilberto Banuelos AKA Gilbert Banuelos in its role as Trustee of this trust.

C.      INITIAL TRUSTEE

The United States District Court, Central District of California, Eastern Division, in its Order dated August 25, 2017, further directed Gilberto Banuelos AKA Gilbert Banuelos to serve as the initial Trustee of this trust and authorized Gilberto Banuelos AKA Gilbert Banuelos to execute this trust agreement. Gilberto Banuelos AKA Gilbert Banuelos is the initial Trustee of this trust.

The term "Trustee" shall refer to the initial Trustee or Trustees or any successor or successors in trust.

## SECTION 3: BENEFICIARY OF THE TRUST

A.      BENEFICIARY

The sole life beneficiary of the Javier Banuelos Special Needs Trust will be Javier Banuelos, who hereafter will be referred to as the "Beneficiary" in this document.

B.      THE BENEFICIARY IS DISABLED

**The Beneficiary is disabled.  He has been diagnosed with Post Traumatic Stress Disorder, organic brain dysfunction, and major depression.  The Beneficiary's disabilities are serious and permanent.  He will require assistance with his daily living needs for the remainder of his life, as well as ongoing assistance and supervision for the indefinite future.**

## SECTION 4: NAME OF TRUST

A.      TRUST NAME

For convenience, this trust shall be known as:

> **The Javier Banuelos Special Needs Trust dated August 25, 2017**.

For the purposes of beneficiary designations and transfers to the Trust, it shall be referred to as:

> **Gilberto Banuelos AKA Gilbert Banuelos, Trustee or his successors in trust, under the Javier Banuelos Special Needs Trust dated August 25, 2017, and any amendments thereto**.

## SECTION 5: IRREVOCABILITY OF TRUST

This Trust shall be irrevocable and not subject to amendment except on application of any interested party with the approval of a Court of competent jurisdiction; provided, however, that any such amendment shall be consistent with, and in furtherance of, the purpose and intent of this Trust and under applicable laws, and no amendment shall change the duties and obligations of the Trustee without his prior written consent.  Further, consistent with the purpose of this Trust to maintain eligibility for essential public benefits, the Trust may be amended in order to comply with 42 USC §1396p(d)(4)(A), or with any other state or federal law or regulation governing eligibility for essential public benefits.

Under no circumstances does the Beneficiary have the legal authority to revoke the trust and then use the funds to meet his food, shelter or medical needs, or to direct the use of the Trust principal or income for his support and maintenance under the terms of the trust. (POMS SI 01120.200).  The Beneficiary has no such right to revoke this trust under its express terms and also has no such right implied by law because:

1) Although Beneficiary is the sole Beneficiary during his life (see POMS SI 01120.201(F)), the Trust also has remainder beneficiaries (see Probate Code §15403(a));

2) Continuation of this Trust is necessary to carry out a material purpose of this Trust (see Probate Code §15403(b)); and

3) This trust is subject to a restraint on transfer (spendthrift provision) of the Beneficiary's interest as provided by Probate Code §§15300-15301, and, for this additional reason, may not be revoked (Probate Code §15403(b)).

# ARTICLE TWO
## FUNDING & PURPOSE OF THE TRUST

**SECTION 1: INITIAL FUNDING**

The initial funding of this trust shall be the proceeds of the settlement in the case entitled <u>Javier Banuelos, individually, Plaintiff, vs City of San Bernardino; a Governmental Entity; County of San Bernardino, a Governmental Entity; and Does 1-10, Defendants</u>, filed on April 22, 2013, in the United States District Court, Central District of California, Eastern Division, Case Number EDCV13-736 GW (DTBx).

All such property is referred to herein as the "trust estate," and the Trustee agrees to hold in trust, administer, and distribute such estate, and all income generated by such estate, as provided in this instrument.

**SECTION 2:  NO TRUST AUGMENTATION AFTER BENEFICIARY'S 65TH BIRTHDAY**

Notwithstanding anything else stated in this Trust Agreement, the Trustee may not accept, and is directed to refuse, any additions to or augmentation of the Trust on or after the Beneficiary's 65th birthday.  This provision does not include interest, dividends, annuity payments directed to or generated by the Trust that was established before the Beneficiary's 65th birthday, or other earnings of the Trust assets received after the Beneficiary's 65th birthday from Trust assets.

**SECTION 3:  NO COMMINGLING**

The Trustee shall not permit any person, including the Beneficiary, to commingle funds not belonging to the trust with trust property.  Specifically, the Trustee shall not accept or commingle any earnings or public benefits payable to the Beneficiary with trust property.  Under no circumstances may a representative payee for the Beneficiary's Supplemental Security Income or other benefits administered by Social Security cause those funds to be commingled with property held by the Trustee under this trust agreement.

**SECTION 4: TRUST PURPOSE**

This purpose of this trust is to provide for the special needs of the Beneficiary, an adult with a disability.  The Beneficiary presently suffers from a disability that substantially impairs his ability to provide for his own care and custody and constitutes a substantial handicap.  The Beneficiary either receives or is entitled to receive public benefits on account of his disabilities. In general, this trust is therefore intended to supplement, and not to supplant, the public benefits that would be available to the Beneficiary if this trust did not exist.

Currently the Beneficiary requires goods and services, including special programs and equipment, that public benefits do not provide. It is vitally important that the Beneficiary receive these services to maintain a level of human dignity and humane care. If this trust were to be invaded by creditors, to be subjected to any liens or encumbrances, or to cause the Beneficiary's public benefits to be terminated, the trust corpus would likely be depleted before the Beneficiary's death because the cost of Beneficiary's care (not including emergency needs) is high. If the trust corpus were depleted, there would be no other source of payment for either emergencies or supplemental support for the Beneficiary's needs. The following trust provisions should be interpreted in light of these concerns and stated purpose.

## SECTION 5: ADDITIONAL FUNDING

The Trustee shall not accept additional property into the trust, other than those assets identified in this document such as the remainder of payments from the settlement referred to in Article Two, Section 1, without first obtaining a Court order that the requirements of Probate Code §3604 have been satisfied.

# ARTICLE THREE
## DISTRIBUTION FOR SPECIAL NEEDS

## SECTION 1: DISCRETIONARY DISTRIBUTION STANDARD

The Trustee shall hold, administer, and distribute all property allocated to this trust, and all income therefrom, for the sole benefit of the Beneficiary for the remainder of the Beneficiary's life or as long as the assets in the trust last, unless this trust is earlier terminated. The Trustee shall pay to or apply for the Beneficiary as much of the net income and principal, up to the whole thereof, as the Trustee in the Trustee's discretion considers necessary or advisable to meet the Beneficiary's special needs. Any income not distributed shall be accumulated and added to principal.

Because the Beneficiary has a disability and is unable to maintain and support himself independently, the Trustee shall, in the exercise of the Trustee's best judgment and fiduciary duty, administer this trust so as to encourage support and maintenance for the Beneficiary from all available public resources, including Supplemental Security Income (SSI), Medi-Cal, California Work Opportunities and Responsibility to Kids (CalWorks), Temporary Assistance to Needy Families (TANF), Federal Social Security Disability Insurance (SSDI), In-Home Supportive Services (IHSS), Public Housing and Section 8 housing assistance benefits, and any and all successor programs, and any other appropriate federal, state, or local agency serving the disabled. All references in this instrument to "Medi-Cal" shall include any other state's Medicaid program equivalent.

In addition, in making distributions to or on behalf of the Beneficiary for his special needs, the Trustee shall take into consideration the applicable resource and income limitations of the public benefit programs for which the Beneficiary is eligible. However, the Trustee is not bound by such limitations in making distributions if such distributions would be in the best interests of the Beneficiary as determined in the Trustee's sole and absolute discretion. Specifically, if it is in the Beneficiary's best interests, as determined in the Trustee's sole and absolute discretion, the Trustee may make a distribution that results in a permanent or temporary, (partial or total) loss of the Beneficiary's public benefits, (*e.g.*, payment of Beneficiary's rent).

Although the Trustee's responsibility to administer this trust so as to encourage payment of public benefits is an element of the Trustee's fiduciary duty under the terms of this trust, the Trustee shall be exempted and held harmless from liability for failure to administer this trust so as to allow the Beneficiary to obtain public benefits, or for loss of such benefits (permanent or temporary, partial or total), except in cases of gross negligence or willful misconduct.

**SECTION 2:  DISTRIBUTION GUIDELINES**

In making any distribution, the Trustee shall:

1) Consider any other known or reasonably available income or resources of the Beneficiary;

2) Consider all available benefits from any government agency, such as Social Security disability payments, food stamps, Medicare, Supplemental Security Income (SSI), Medi-Cal, In-Home Support Service (IHSS), Section 8, and any other special purpose benefits for which the Beneficiary is eligible;

3) Consider resource and income limitations of any such assistance program;

4) Make expenditures so that the Beneficiary's standard of living will be comfortable and enjoyable;

5) Not be obligated to or compelled to make such payments.

**SECTION 3: DEFINITION OF "SPECIAL NEEDS"**

As used in this instrument, "special needs" refers to the requisites for maintaining the Beneficiary's good health, safety, and welfare when in the Trustee's discretion such requisites are inadequately met or are not being provided by any public agency, office, or department of any city, county, or state government; or by the federal government; or by any private agency.

By way of illustration, and not limitation, "special needs" include basic living needs such as dental care, medical care, custodial care, support services, and similar care not provided by public benefits programs, which are related to and made reasonably necessary by the Beneficiary's disabilities.  The Trustee is directed to consider these basic living needs when making distributions.

"Special needs" may include, but are not limited to, the following goods and services: clothing, telephone (cell phone or land line); Internet and television (cable or satellite); hair and nail care; furniture; as well as bedding and laundry; audio, video, and computer equipment; adaptive equipment; toys, musical instruments, and electronic devices; services to maintain the Beneficiary's equipment and household; vehicles and services to improve and maintain such vehicles; newer and more effective medications than Medi-Cal allows; more sophisticated medical or dental or diagnostic work or treatment for which funds are not otherwise available; other nonessential medical procedures (such as massage therapy or acupuncture); periodic outings and vacations (and other items to enhance the Beneficiary's quality of life, self-esteem, or situation); preneed funeral and burial expenses; and taxes.  "Special needs" may include contracting for private health insurance and payment of premiums on such insurance when the Trustee determines that such health insurance coverage is in the best interest of the Beneficiary.

"Special needs" will not ordinarily include basic support, such as food, shelter, and medical care already paid for by Medi-Cal.  However, "special needs" may include such basic needs if the Trustee determines that they are inadequately met by the level or kind of public benefits actually provided.  "Special needs" may also include basic needs if support for such needs is not available at all, *e.g.*, as a result of public benefit program terminations, changes in program standards under which the Beneficiary no longer qualifies, or the Beneficiary's loss of benefits on account of his earnings, unearned income, or assets.

# ARTICLE FOUR
## TRUST MEETS LEGAL REQUIREMENTS

The purpose of this trust is to satisfy Medi-Cal and Supplemental Security Income (thereafter "SSI") program requirements, and this trust shall be interpreted to satisfy such requirements notwithstanding any other language herein, so that the establishment, funding, and administration of the trust do not prejudice the Beneficiary's eligibility for or ability to maximize public benefits. The purpose of this trust is to supplement and not supplant such benefits. However, the Trustee has discretion to make distributions causing some loss of benefits if the Trustee determines that doing so would be in the Beneficiary's best interests.

## SECTION 1:  MEDI-CAL

It is intended that this trust be established to satisfy the requirements of the Medicaid (in California Medi-Cal) provisions of the Social Security Act for protecting the Beneficiary's benefits Beneficiary receives from the Medi-Cal program.

> A.   THE TRUST IS INTENDED TO BE AN EXEMPTION FROM TRUST PROPERTY BEING COUNTED AS "AVAILABLE"

The trust is intended to meet the requirements of §1917(d)(4)(A) of the Social Security Act (42 USC §1396p(d)(4)(A)) and implementing regulations of the California Department of Health Care Services for an exempt trust for a disabled person under the age of 65, (22 Cal Code of Regs. §50489.9(a)(3)):

> 1.   It is created on the date executed below, that is, on or after August 11, 1993, the effective date of the authorizing federal statute.

> 2.   The Beneficiary was born April 28, 1989, and is twenty-four (24) years old at the date of the execution of this trust. The trust is therefore funded with, and contains, the assets of a Beneficiary who is under the age of 65 at the date the trust is established.

> 3.   It is established through order of the Court.

> 4.   It is for the sole benefit of a beneficiary who is currently disabled in accordance with 22 Cal Code of Regs §50167(a).

> 5.   It provides that on the Beneficiary's death or other termination of the trust, and before any other distribution, the California Department of HealthCare Services (DHCS),

and any other State(s), shall receive all remaining funds in the trust up to an amount equal to the total medical assistance paid on behalf of the Beneficiary by the Medi-Cal/Medicaid program as further described and detailed in Article Six, Section Two.

6.  It is irrevocable.

Accordingly, it is intended that no part of the principal or undistributed income of the trust estate shall be considered available to the Beneficiary for health care or medical needs (pursuant to 22 Cal Code of Regs §§50489, 50489.9(a)(3), and 50489.9(b)(2)).

B.  THE TRANSFER OF ASSETS TO THIS TRUST IS INTENDED TO BE AN EXEMPTION FROM TRANSFER DISQUALIFICATION

Further, the transfer of assets to this trust is intended to satisfy the Medicaid (in California Medi-Cal) requirements of the Social Security Act for excluding certain transfers, including transfers to trusts, from causing ineligibility for medical assistance for the transferor.  It is intended that this trust meet the requirements of §1917(c)(2)(B)(iv) of the Social Security Act (42 USC §1396p(c)(2)(B)(iv)) and implementing guidelines of the California Department of HealthCare Services exempting transfers to a trust for a disabled person under the age of 65 (Medi-Cal Eligibility Procedures Manual, Article Nine, pages 9J-74, et seq.).  The assets are being transferred to a trust established pursuant to 42 United States Code §1396(d)(4)(A) solely for the benefit of an individual under 65 years of age who is disabled.  Accordingly, it is intended that the transfer of assets to this trust do not disqualify the Beneficiary from receiving Medi-Cal benefits.

## SECTION 2:  SUPPLEMENTAL SECURITY INCOME

It is intended that this trust is also established to satisfy the SSI requirements of the Social Security Act for protecting the Beneficiary's benefits received from the SSI program.

A.  THE TRUST IS INTENDED TO BE AN EXEMPTION FROM TRUST PROPERTY BEING COUNTED AS A RESOURCE

This trust is intended to meet the requirements of Section §1613(e)(5) of the Social Security Act (42 USC §1382b(e)(5)) and implementing Social Security Administration guidelines (Program Operations Manual System (thereafter "POMS"), SI 01120.203(B) and SI 01120.199, making unavailable assets held in trusts created under 42 USC §1396p(d)(4)(A).  Specifically, in compliance with the action list at POMS SI 01120.203(D)(1):

- 14 -

1.   The trust is established with the assets of an individual under the age of 65.

2.   The trust is established with the assets of a disabled individual.

3.   The disabled person is the sole beneficiary of the trust whether the trust terminates at the Beneficiary's death or during life.

4.   It is established through order of the Court.

5.   The trust provides specific language to reimburse the State(s) for medical assistance paid upon the individual's death.

6.   The trust meets the special needs trust exception to the extent that the assets of the individual/beneficiary are being put into the trust prior to the individual/beneficiary attaining the age of 65.

7.   The trust is irrevocable.

Therefore, the trust is intended to meet the requirements for the special-needs trust exception.

Because this trust is intended to be one created under such provisions, the trust rules otherwise applicable under §1613(e) of the Social Security Act (42 USC §1382b(e)) may not apply.  It is intended that no portion of the undistributed income or trust corpus shall be considered to be a resource available to the Beneficiary, and no earnings of or additions to the corpus of the trust shall be considered to be income to the Beneficiary.

B.   THE TRANSFER OF ASSETS TO THIS TRUST IS INTENDED TO BE AN EXEMPTION FROM TRANSFER DISQUALIFICATION

Further, this trust is intended to satisfy the SSI requirements of the Social Security Act for excluding certain transfers of assets, including transfers to trusts, from causing ineligibility for SSI for the transferor.  It is intended that this trust meets the requirements of §1613(c)(1)(C)(ii)(IV) of the Social Security Act (42 USC §1382b(c)(1)(C)(ii)(IV)) and implementing Social Security Administration guidelines (POMS SI 01150.121(A)(3)) for an exception from disqualification on account of transfers of resources: The resources are being transferred to a trust (including a trust created under 42 USC §1396(d)(4)(A)) established solely for the benefit of an individual under 65 years of age who is disabled.

This trust benefits no one but the Beneficiary, whether at the time the trust is established or at any time for the remainder of the Beneficiary's life (pursuant to POMS SI 01120.201(F)(2)).   Accordingly, it is intended that the transfer of assets to this trust does not disqualify the Beneficiary from receiving SSI.

## C.    RESOURCES OTHERWISE UNAVAILABLE

Finally, with regard to other general SSI trust rules (POMS SI 01120.200), the Beneficiary has no legal authority to revoke the trust and then use the funds to meet the Beneficiary's food or Shelter needs, or to direct the use of the trust principal or income for the Beneficiary's support and maintenance under the terms of the trust.  The Beneficiary has no such right to revoke this trust under its express terms and also has no such right implied by law:

1. Because these are remainder beneficiaries after the Beneficiary's death, the Beneficiary is not the sole beneficiary of this trust under California law and therefore may not revoke this trust as sole beneficiary (Probate Code §15403(a)) (although the Beneficiary is still the "sole Beneficiary" during his life, sufficient under POMS SI 01120.201(F)).

2. Continuation of this trust is necessary to carry out a material purpose of this trust even if the Beneficiary were sole beneficiary and attempted to revoke it (Probate Code §15403(b)).

3. This trust is also subject to a restraint on transfer of the Beneficiary's interest ("spendthrift provision") as provided by Probate Code §§15300-15309, and, for this additional reason, may not be revoked (Probate Code §15403(b)).

## SECTION 3: TRUST MEETS CAL. RULES OF COURT 7.903 REQUIREMENTS

As required under Cal Rules of Court 7.903, this trust agreement (Cal Rules of Ct 7.903(c)):

1) Does not contain a "no contest" provision;

2) Prohibits modification or revocation without court approval (Article One, Section 5);

3) Clearly identifies the trustee and any other person with authority to direct the trustee to make disbursements (Article One, Section 2, and Article Five);

4) Prohibits investments by the trustee other than those permitted under Probate Code §2574 (guardianship and conservatorship requirements) (Article Seven, Section 4);

5) Requires persons identified in 3) to post bond in the amount required under Probate Code §§2320-2344 (Article Eight, Section 1);

6) Requires the trustee to file accounts and reports for court approval in the manner and frequency required by Probate Code §§1060-1064 and 2620-2628 (Article Eight, Section 3);

7) Requires court approval of changes in Trustee and a court order appointing any successor trustee (Article Five, Sections 2, 5, 6, 7); and

8) Requires compensation of the trustee and the attorney for the trustee, to be in just and reasonable amounts that must be fixed and allowed by the Court; the instrument may provide for periodic payments of compensation on account subject to the requirements of Probate Code §2643 and Cal Rules of Ct 7.755 (Article Five, Section 8, and Article Eight, Section 5).

# ARTICLE FIVE
## TRUSTEE PROVISIONS

### SECTION 1:  INITIAL TRUSTEE

Gilberto Banuelos AKA Gilbert Banuelos shall serve as the initial Trustee of this trust.  The term, "Trustee," refers to the initial Trustee and to any Successor Trustee(s) or Co-Trustee.

### SECTION 2:  SUCCESSOR TRUSTEE

If for any reason Gilberto Banuelos AKA Gilbert Banuelos ceases to act as Trustee, the Court shall appoint a Successor Trustee.  Appointment of a Successor Trustee shall be effective only upon petition to and approval and order of the Court.  The Court shall fix bond for any Trustee who acts in the amount required by Probate Code §§2320-2335.

### SECTION 3:  SUCCESSOR TRUSTEE POWERS AND LIABILITIES

Any Successor Trustee shall have the same rights, duties, powers, and privileges, and be subject to all obligations and duties, both discretionary and ministerial, as the initial Trustee.  Any Successor Trustee shall be subject to any restrictions imposed on any preceding Trustee.  Unless ordered by the Court, no successor Trustee shall be required to examine the accounts, records, and/or acts of any previous Trustee.  No Successor Trustee shall in any way be responsible for any act or omission to act on the part of any previous Trustee.

If a Trustee also serves in any other fiduciary capacity on behalf of Beneficiary, those activities shall be independent from any actions taken with regard to this trust instrument.

### SECTION 4:  PROHIBITED TRUSTEE

Under no circumstances shall the Beneficiary serve as Trustee or Successor Trustee hereunder.

### SECTION 5:  RESIGNATION OF TRUSTEE

Any Trustee may resign by giving 30 days written notice.  The Trustee shall deliver such notice to the Beneficiary.  If the Beneficiary is a minor or is legally incapacitated, notice shall be delivered to the Beneficiary's guardian or other legal representative.  Resignation of the Trustee shall be effective only upon petition to the Court, and on confirmation of a Court of competent jurisdiction.

## SECTION 6:  REMOVAL OF TRUSTEE

Any interested person, other than the primary Beneficiary, may petition for removal of any Trustee with or without cause.  Only upon confirmation and an order of the Court shall a Trustee be removed.

## SECTION 7:  REPLACEMENT OF TRUSTEE

Whenever a Trustee is removed, dies, resigns, becomes legally incapacitated, or is otherwise unable or unwilling to serve, that Trustee shall be replaced by an individual familiar with the administration of special needs trusts, a corporate fiduciary or any interested person other than the primary Beneficiary, and only upon confirmation and order of the Court.  In the event these is no one then willing or able to serve as successor Trustee, the Court shall designate the successor Trustee.

## SECTION 8:  TRUSTEE COMPENSATION

The Trustee shall receive just and reasonable compensation, to be paid from the Trust, for his services in an amount to be fixed and allowed by the Court on the occasion of the Trustee's Court accountings or such other times as that issue may be brought before the Court with jurisdiction over the Trust.  However, so long as Gilberto Banuelos AKA Gilbert Banuelos is acting as Trustee, he may receive interim compensation on account.  The Trustee shall also receive reimbursement for reasonable expenses incurred.  Such compensation shall be chargeable to and paid from the Trust.

Any Trustee that is a trust company (as defined in Financial Code Section 107) shall include in its petition for fees a complete disclosure of any fees paid to a fiduciary and/or any affiliate as required by Probate Code Section 16015 and Financial Code Section 1561.1.

## SECTION 9:  NOTICE REQUIREMENTS

The Trustee shall give notice to the Third Party Liability Branch of the California Department of HealthCare Services when the Trustee changes, pursuant to 22 Cal Code of Regs §50489.9(d)(2).

# ARTICLE SIX
## ADMINISTRATION UPON DEATH OF BENEFICIARY

## SECTION 1:  TERMINATION

This trust shall terminate on the death of the Beneficiary, or upon order of the Court.

## SECTION 2:  NOTICE AND PAYBACK PROVISIONS

It is the intent of this trust that the trust estate be exempt from being counted as an available resource to the Beneficiary under both the SSI provisions in the Foster Care Independence Act of 1999, §§205 and 206 (amending 42 USC §1382b), and the Medicaid provisions of the Omnibus Budget Reconciliation Act of 1993, §13611 (amending 42 USC §1396p(d)(4)(A)), and implementing California Medi-Cal regulations at 22 Cal Code of Regs §50489.9.  The Trustee shall therefore comply with the following provisions.

A.     NOTICES

On the death of the Beneficiary, or the earlier termination of this trust, the Trustee shall give notice in the manner provided by Probate Code §1215 to the Third Party Liability Branch of the California Department of HealthCare Services, to the State Department of Developmental Services, to the State Department of Mental Health, and to any county or city and county that has made a written request to the Trustee for such notice, addressed to the county or city and county at the address specified in the request.  **Further, the Trustee shall give notice of the Beneficiary's death or termination of the Trust to any State(s) from which the Beneficiary received benefits from Medicaid in conformity with that State's requirement.**

In addition, the Trustee shall give notice to the Third Party Liability Branch of the California Department of Health Care Services on a change of Trustee, under 22 California Code of Regulations §50489.9(d)(2).

B.     DISTRIBUTIONS AND PAYMENTS

On the death of the Beneficiary or earlier termination of this trust, the Trustee shall first distribute to the State(s) an amount equal to the total medical assistance paid to, or on behalf of, the Beneficiary by the Medicaid program (Medi-Cal in California), up to the amount remaining in this Trust.

If the Beneficiary has received Medicaid from more than one state, and if on termination of this trust the remaining income and principal is insufficient to satisfy the foregoing payment requirement in full, then payment shall be made to

- 20 -

the States(s) pro rata based on the percentage that each State's Medicaid payments were made to, or on behalf of, the Beneficiary.

The Trustee shall not require the California Department of Health Care Services ("DHCS") to submit any type of claim in order to be reimbursed.  The Trustee shall instead contact DHCS to obtain the dollar amount of medical assistance provided by DHCS and then, subject to the paragraphs above governing payback to the State(s), submit that amount, or the pro rata share applicable to DHCS of the amount remaining in this Trust, whichever is less, to the Recovery Branch of DHCS.

After payment to the State(s) in full, if these are funds remaining in this Trust, the Trustee shall distribute to any other appropriate California state agency entitled to Medi-Cal reimbursement an amount equal to the total medical assistance paid to, or on behalf of, the Beneficiary by the California state agency entitled to Medi-Cal reimbursement, up to the amount remaining in this Trust. Subject to Medicaid/Medi-Cal and SSI limitations and to the extent permitted by law, the Trustee may retain funds in the trust and pay certain expenses on the death of the Beneficiary before reimbursing DHCS or other States' Medicaid agencies. Currently, the Medicaid/Medi-Cal program allows funds to be retained for payment of:

1. The cost of the Beneficiary's remaining management and investment fees;

2. Outstanding bills for the benefit of the Beneficiary that fall within the terms of the trust; and

3. Burial and funeral expenses (Medi-Cal Eligibility Procedures Manual Section Article 9J, page 9J-75, as revised December 18, 1997, in Manual Letter No. 192).

The State(s) must be the first payee and have priority over payment of other debts and administrative expenses; however, before repayment to the State(s) (Medicaid/Medi-Cal plan(s)), the SSI program currently allows funds to be retained only for payment of these expenses on the death of the Beneficiary:

1. Taxes due from the trust to the State or Federal government because of the death of the Beneficiary, and

2. Reasonable fees for administration of the trust estate, such as accounting of the Trust to the court, completion and filing of documents, or other related actions associated with

termination and wrapping up of the trust ("Allowable and Prohibited Expenses", POMS SI 01120.203(B)(3)(a)).

Unlike the Medi-Cal rules, the SSI rules do not currently permit the payments of "debts owed to third parties," "funeral expenses," or taxes due from the estate of the beneficiary other than those arising from inclusion of the Trust in the estate (i.e., estate taxes) prior to reimbursement of the State(s) for medical assistance (POMS SI 01120.203(B)(3)(b)). In order to preserve the Beneficiary's existing or potential eligibility for SSI, this agreement prohibits the Trustee from paying such expenses after the death of the Beneficiary before reimbursing DHCS for the Beneficiary's medical assistance, unless the SSI rules have been changed, effective as of date of the Beneficiary's death, to allow such payments. However, subject to the other provisions governing distributions herein, the Trustee may make such payments during the life of the Beneficiary (POMS SI 01120.203(B)(3)(c)).

Other than payment for those expenses that are allowed to be paid in the event of early termination, no entity other than the trust beneficiary may benefit from the early termination, i.e., after reimbursement to Medi-Cal (or other States' Medicaid agencies), all remaining funds must be disbursed to the trust beneficiary to reflect the "distribution only to beneficiary upon early termination" requirement in POMS SI 01120.199.

In addition, in the event of an early termination, (i.e., before the Beneficiary's death), before repayment to the State(s) (Medicaid/Medi-Cal), the SSI program currently allows funds to be retained for payment of the following expenses (POMS SI 01120.199(F)(3)):

1. Taxes due from the trust to the State(s) or Federal government due to the termination of the trust; and

2. Reasonable fees and administrative expenses associated with the termination of the trust.

## SECTION 3:  REMAINDER BENEFICIARIES AND REMAINDER OF TRUST ESTATE

### A.    TESTAMENTARY SPECIAL POWER OF APPOINTMENT

- 22 -

Subject to the notice and State(s) reimbursement requirements upon the Beneficiary's death, the Trustee shall then distribute the undistributed balance of the trust estate as the Beneficiary may direct by exercise of a special (or limited) power of appointment to any one or more persons or entities, or trusts for their benefit, other than the Beneficiary, the Beneficiary's estate, the Beneficiary's creditors, or creditors of the Beneficiary's estate.   This special power of appointment shall be exercised as the Beneficiary appoints by will or codicil specifically referring to and exercising such power of appointment.  Unless within 30 days after the Beneficiary's death the Trustee has actual notice of the existence of a will or codicil exercising such special power of appointment (whether or not the document has been filed or admitted to probate), the Trustee shall, without incurring any liability to any appointee, proceed as if the power had not been exercised.   This clause shall not, however, bar any right of any appointee to enforce the appointment.

Any part of the trust estate with respect to which the Beneficiary has not exercised this special power of appointment shall be distributed to the Beneficiary's heirs at law.   The identity of the heirs shall be determined according to the laws of succession of the State of California then in force relating to the succession of separate property not received from the separate property of a predeceased spouse.  The determination of the identity and respective shares of such legal heirs shall be made by the Trustee in accordance with Probate Code §§6400–6455.  All final distributions are subject to Court approval at the time of the final account.

B.      DISTRIBUTION BY COURT ORDER

Subject to the notice and State(s) reimbursement requirements, and early termination requirements as stated in this Article, if termination is not due to death of the Beneficiary, the remaining trust property will be distributed as ordered by a Court of competent jurisdiction.

# ARTICLE SEVEN
## TRUSTEE POWERS

## SECTION 1:  TRUSTEE POWERS

Except as otherwise provided in this agreement or modified by court order, the Trustee's powers are limited to those powers now conferred on Guardians and Conservators of the estate under the California Probate Code.

## SECTION 2:  RELIANCE BY THIRD PARTIES

On presentation by the Trustee of this Article of the trust and a separate Certificate of Trust stating the name and address of the Trustee, affirming that the trust is in full force and effect, and containing any pertinent provisions of the trust, all third parties shall rely on this transfer and follow all of the Trustee's instructions without risk of incurring any liability to the Trustee or the beneficiary.

## SECTION 3:  COOPERATION IN OBTAINING AND MAINTAINING PUBLIC BENEFITS

The Trustee shall cooperate with the Beneficiary or his representative by providing information that is necessary in order for the Beneficiary to obtain or maintain eligibility for public benefits or entitlement programs.  (Such programs include, but are not limited to, Social Security, Supplemental Security Income, Medicare, Medi-Cal, and In-Home Support Services.)

However, the Trustee shall not be responsible to the Beneficiary to obtain or maintain the Beneficiary's eligibility for such programs.  Neither shall the Trustee be responsible for the loss or reduction of such public benefits.

## SECTION 4:  INVESTMENT AUTHORITY

The Trustee is prohibited from making investments other than those permitted under Probate Code §2574, except as authorized by prior court order.

Nothing in this section limits the authority of the Trustee to seek Court authorization for any investment or to make other investments with Court authorization.

## SECTION 5:  AUTHORITY TO AMEND TRUST

If the laws or regulations governing eligibility change, the Trustee may petition the Court to amend the trust to ensure continuing eligibility of the Beneficiary for public benefit programs to which the Beneficiary may be entitled or to secure eligibility.

## SECTION 6:  LIMITATION ON TRUSTEE AUTHORITY

The Trustee may not borrow money, lend money, give security, lease, convey, or exchange any property of the trust estate without prior authorization and order of the Court.

# ARTICLE EIGHT
## GENERAL MATTERS

### SECTION 1:  BOND

A corporate fiduciary acting as Trustee shall not be required to furnish any bond for the faithful performance of its duties.  Any named Trustee, Successor Trustee, or person with authority to direct the Trustee to make disbursements who is not a corporate fiduciary shall have no authority to act during the primary Beneficiary's lifetime without a Court order fixing bond for that person in the amount required by Probate Code §§2320-2335.

### SECTION 2:  SPENDTHRIFT

No interest in the principal or income of this trust may be anticipated, assigned, encumbered, or subject to any creditor's claim or to legal process before actual receipt by the Beneficiary. Because this trust is intended to be conserved and maintained for the Beneficiary's special needs, no part of the trust principal or income may be subject to the claims of voluntary or involuntary creditors for any costs incurred or sums expended by any public agency, office, or department of California, any other state, or the United States, for the provision of care and services (including residential care) to or for the Beneficiary (whether prospectively or in reimbursement).  The Beneficiary of the trust has a disability that substantially impairs the Beneficiary's ability to provide for the Beneficiary's own care or custody and constitutes a substantial handicap.

### SECTION 3: ACCOUNTING TO COURT

Unless otherwise ordered by the Court, the Trustee shall file a periodic Account and Report for Court approval.  The first Account and Report shall be filed one year from the date the Court first approves this trust and every 2 years thereafter, or as otherwise required in the manner and frequency required by Probate Code §§1060-1064 and 2620-2628.

### SECTION 4:  RESPONSIBILITY TO DISCLOSE INFORMATION TO BENEFICIARY

At least annually, the Trustee shall make a report to the Beneficiary that includes: (1) all receipts, disbursements, and distributions occurring during the reporting period and (2) a complete statement of the trust property.  Trust books and records and all trust documentation shall be available and open at all reasonable times to the inspection of the Trust Beneficiary and his representatives.  Unless required to do so by a state or federal agency, or pursuant to a Court order, the Trustee shall not be required to furnish trust records or documentation to any individual, corporation, or other entity that is not described in the preceding sentence or does not have the express written approval of the Beneficiary or the Beneficiary's legal representative.

## SECTION 5:  COMPENSATION OF TRUSTEE AND ATTORNEY

The Trustee and the attorney for the Trustee are entitled to reasonable compensation for services rendered.  The compensation of the Trustee and the compensation for the attorney for the Trustee must be fixed and allowed by the Court.

## SECTION 6:  CHOICE OF LAW

All rights and duties under this trust shall be governed by the laws of the State of California.  These include, but are not limited to, the jurisdiction of the Superior Court over proceedings involving trusts, Probate Code §§17200-17211.

## SECTION 7:  SEVERABILITY

Should any provision of this trust be or become invalid or unenforceable, the remaining provisions shall be and continue to be fully effective.

## SECTION 8:  GENDER AND NUMBER

In all matters of interpretation of this instrument, whenever necessary to give effect to any provision of this instrument, the masculine shall include the feminine and neuter, and vice versa, the singular shall include the plural, and the plural shall include the singular.

## SECTION 9:  PERPETUITIES SAVINGS CLAUSE

Unless terminated earlier in accordance with other provisions of this instrument, all trusts created under this instrument shall terminate 21 years after the death of the Beneficiary JAVIER BANUELOS.  The principal and undistributed income of a terminated trust shall be distributed to the income beneficiaries of that trust in the same proportion that the beneficiaries are entitled to receive income when the trust terminates.

## SECTION 10:  DUPLICATE ORIGINALS

This agreement may be executed in several counterparts; each counterpart shall be considered a duplicate original agreement.

I CERTIFY THAT I HAVE READ THE FOREGOING **Declaration of Trust and that it correctly states the terms and conditions under which the Trust Estate is to be held, managed, and disposed of by the Trustee.   I approve this Trust Agreement in all particulars and request that the Trustee execute it.**

**PERSONS AUTHORIZED BY COURT ORDER "ESTABLISHING" THE TRUST:**

Executed this _22_ day of _September_, 20_17_, at _Los Angeles_, California.

_Gilberto Banuelos_

Gilberto Banuelos AKA Gilbert Banuelos, Father and Guardian ad Litem of Javier Banuelos

### NOTARY ACKNOWLEDGEMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA            )
                               )
COUNTY OF _Los Angeles_        )

On _09/22/2017_, before me, _Ana Jurado, Notary Public_, a notary public, personally appeared Gilberto Banuelos, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official seal:

_____
Signature

ANA JURADO
Notary Public - California
Los Angeles County
Commission # 2193902
My Comm. Expires May 7, 2021

**GILBERTO BANUELOS AKA GILBERT BANUELOS AGREES TO ACT AS TRUSTEE AND TO HOLD, ADMINISTER, AND DISTRIBUTE THE TRUST ESTATE ACCORDING TO THE TERMS OF THIS TRUST.**

Date: 09/22/2017

Gilberto Banuelos AKA Gilbert Banuelos, Trustee

## NOTARY ACKNOWLEDGEMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )

COUNTY OF Los Angeles )

On 09/22/2017 , before me, Ana Jurado, Notary Public , a notary public, personally appeared Gilberto Banuelos, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official seal:

Signature of Notary Public

ANA JURADO
Notary Public – California
Los Angeles County
Commission # 2193902
My Comm. Expires May 7, 2021

- 29 -

# SCHEDULE A
# FUNDING

(Settlement Proceeds from Settlement)

Net proceeds of the settlement applicable to Javier Banuelos from the case entitled <u>Javier Banuelos, individually, Plaintiff, vs City of San Bernardino; a Governmental Entity; County of San Bernardino, a Governmental Entity; and Does 1-10, Defendants,</u> filed on April 22, 2013, in the United States District Court, Central District of California, Eastern Division, Case Number EDCV13-736 GW (DTBx).